In the Matter of the Estate of SIGMUND H. SPEYER, Deceased.

Surrogate's Court, Kings County. May 9, 1941.

*Julius J. Michael*, for Ben Reis, proponent.

WINGATE, S. Whereas under sections 22-a and 23 of the Decedent Estate Law a written will is admissible to probate in this State if executed outside the State of New York if it is executed in the manner required by the law in force at the time and place of its execution, and it has been demonstrated to the reasonable satisfaction of the court that the law of Germany which was in force in July, 1937, validated a holographic instrument subscribed by the

testator without witnesses, section 144 of the Surrogate's Court Act expressly stipulates that before a will is admitted to probate, " the surrogate must inquire particularly into all the facts and circumstances, and must be satisfied with the genuineness of the will, and the validity of its execution."

In the usual case such satisfaction may not be predicated on the unsupported allegations of the petition that the propounded document was signed by the putative testator and by two witnesses, but a testimonial demonstration of the verity of those allegations is required.

In the case at bar the only demonstration submitted to indicate that the propounded document is written by the testator in his own hand, is signed by him and was prepared and executed at Frankfort on Main in Germany, is a similar unsupported assertion of these facts in the formal allegations of the petition.

No weight is added by the circumstance that no objections to probate have been interposed, since the statutory distributees have been served by publication only, and none have appeared.

There have been comparatively few judicial interpretations of the presently relevant sections of the Decedent Estate Law (See *Matter of Tinker*, 124 Misc. 723; *Matter of Fowler*, 161 id. 204; *Matter of Logasa*, Id. 774) and none with which the court is familiar which define its duty of investigation or the proper criteria of its " satisfaction " in a situation like the present.

If, however, the analogy of the requisite testimonial demonstrations required on an ordinary probate is to be applied, it would seem that something in addition to the mere formal allegations of the petition should be submitted.

Under ordinary circumstances a will though signed by the testator is invalid unless its execution was witnessed. The primary basis of validity of one in respect of which such formality was not observed is that it was executed outside of the State of New York. This, accordingly, should be proved as a preliminary essential step in the validization of the presently propounded document.

If this requirement meets with compliance and it be satisfactorily shown that the document was executed in Germany at or about the time of its purported date, the question of its validity under the laws of New York becomes one of whether it meets the requirements for validity of the then-existing laws of Germany, since these are then made the criteria of domestic recognition pursuant to our own enactment.

As demonstrated by the proof heretofore submitted, this question is determinable pursuant to paragraph 2231 of the Buergerliches Gesetzbuch which, in July, 1937, provided that a will giving the

date and place of execution was valid if written and signed by the testator himself  Proof should accordingly be supplied that the propounded document and its subscription are actually in the handwriting of the decedent.

Proceed in conformity herewith.